## No. 10,747.

### NEW ORLEANS NATIONAL BANK vs. EAGLE COTTON WAREHOUSE AND COMPRESS COMPANY.

EUGENE SONIAT, SYNDIC OF J. B. LALLANDE, THIRD OPPONENT.

It is of the essence of legal subrogation that the person making the payment should be a third person, in respect to the obligee of the debt he is seeking to prime thereby; and, that he should himself be a creditor of inferior rank of the common debtor whose debt he pays.

APPEAL from the Civil District Court for the Parish of Orleans, King, J.

---

E. Howard McCaleb for Plaintiff and Appellee:

1. Plaintiff, pledgee of mortgage notes, has a right to sue thereon in his own name.  36 An. 257; 33 An. 624; 30 An. 714; 28 An. 419; 39 An. 322; 21 An. 3. Pledgor's insolvency does not effect pledgee's right.  38 An. 864; 1 An. 31; 94 U. S. 734.
2. Pledgor can never come in competition with pledgee, nor in any way diminish or impair the value of the securities pledged.  Troplong, des Priv. et Hyp. v. 1, No. 367; Grenier, v. 1, 93; 2 Rob. 241; 29 An. 548.  Assignee of bankrupt has a right to claim property pledged only after paying the debt.  95 U. S. 764.
3. Subrogation to a creditor's rights only takes place in favor of a *third* person who pays him.  R. C. C. 2159.  The drawer of a note is not a third person, but a party to the contract.  R. C. C. 3556.
4. Contract of insurance is strictly personal and not an incident to the subject insured.  11 An. 95.  Party effecting insurance on buildings, to cover his own interest therein, has no claim on others for reimbursement of premiums paid by him.
5. No subrogation takes place in favor of creditor paying State and city taxes for 1889, except on compliance with Sec. 88 of Act 85 of 1888, which supersedes prior jurisprudence on the subject.  36 An. 685.

---

W. S. Benedict, for Third Opponent, Appellant.

---

WATKINS, J.  The controversy presented by the syndic's appeal is his right of priority over plaintiff, as seizing creditor, and the New Orleans Canal and Banking Company, in the distribution of the pro-

ceeds of the sale of certain hypothecated property of the defendant, said proceeds being insufficient to pay the demands of all.

The following is a summary of the facts, as they appear of record, viz.:

On the 28th of July, 1886, the widow and heirs of Viscount Morand sold to J. B. Lallande several lots of ground situated in the First district of the city of New Orleans, for the price of $11,000, of which $3666.66⅓ was paid in cash, and for the balance said purchaser executed three notes of $2444.44⅑ each, to his own order, and endorsed and payable at one, two, and three years after date, and secured by vendor's lien and mortgage.

On the 21st of May, 1889, Lallande sold said property to the defendant for the price of $40,000, of which $2000 was paid in cash; and for the residue said purchaser executed its five several promissory notes, payable to its own order, and endorsed for $6133.30 each, one at one year, two at two years, and two at three years after their date, and secured by vendor's lien and mortgage, and assumed the payment and discharge of Lallande's three notes, above described, and released him therefrom.

The three notes of Lallande passed into the possession of Henry A. Horine, and he placed them with the American National Bank; and of the five notes of defendant, two were by Lallande pledged to the plaintiff, and three likewise pledged to the Canal Bank.

On the maturity of the one first falling due, plaintiff purchased the mortgage in executory proceedings against the defendant, and the property was adjudicated at the price of $36,000 in cash, for the account of the plaintiff in execution and the Canal Bank.

On the day of sale, Horine filed a third opposition, claiming the right to have his three notes paid out of the proceeds by preference; and Soniat, syndic, filed a like opposition, alleging his right to be paid by preference, also, the amount he claims to have been paid by Lallande in discharge of the interest on the notes held by Horine; and other amounts he claims to have himself paid in insurance premiums on policies issued on the property mortgaged, and the taxes assessed against it while under the mortgage.

The demand of Horine was sustained and acquiesced in by the plaintiff; but that of the syndic was rejected, and he has appealed.

The question for decision is, whether the District Court erred in refusing to hold that the insolvent estate of Lallande became legally

subrogated to the superior rights and privileges of the persons to whom he and his syndic had made payments; and, therefore, in refusing to decree the syndic entitled to be paid by preference over the plaintiff.

From the facts appearing in the precedent statement, Lallande was, at the time he made the payment of interest on the three notes that were held by Horine, still bound as the original obligor thereof, for the capital and interest, notwithstanding the defendant had assumed their payment and had contracted and covenanted to discharge him from his obligation, as a part of the price of the property mortgaged. There is no proof that Horine had ever consented to Lallande's discharge; and the counsel for the syndic concedes that he was not released.

This being the case, it seems to be a very clear proposition of law, that, inasmuch as Lallande volunteered to make a payment of interest on notes of which he was the maker, and on which he was still bound as obligor, he only, *pro tanto*, discharged his *own* debt, notwithstanding the defendant was also bound for same. In such case legal subrogation does not take place.

The precepts of the code governing legal subrogation are the following, viz.:

" Subrogation to the right of a creditor in favor of a third person who pays him, is either conventional or legal." R. C. C. 2159.

" Subrogation—*i. e.*, legal subrogation—takes place of right: 1. For the benefit of him, who, being himself a creditor, pays another creditor whose claim is preferable to his by reason of his privileges or mortgages." Id. 2161.

It is of the essence of the legal subrogation which is defined in the foregoing paragraph, that the person making payment should be a *third person*, in respect to the obligee of the debt he is seeking to prime, by making the payment; and, also, that such payor should himself be a creditor of inferior rank, of the common debtor whose debt he pays.

But Lallande was not only not a third person, in respect to the obligee of the debt he sought to prime, but he was himself the original obligor, and more recently, the plaintiff's pledgor. Lallande was not himself a creditor of the defendant, at the time he made the payment of interest, *quood* the plaintiff to which he had surrendered, as pledgee, the notes which evidenced his ownership thereof.

Lallande, in making payment of interest due on the notes Horine held, not only discharged, *pro tanto*, a ranking mortgage over that held by plaintiff as his pledgee, but he at the same time discharged his own obligation to a like extent.

We are of opinion that in this respect the district judge ruled correctly.

Much the same question is raised in respect to the insurances and taxes which the syndic paid. The taxes he paid were those assessed against the property, which was covered by both mortgages; and in making the payment he relieved it of a burden that ranked them both, and which would have sent it to sale—to prevent which all of these payments were made; and one of them would have been inefficacious without the other. As a mortgage creditor of the defendant, he had an interest to subserve in paying the taxes; and, as a vendee, owing a debt to Horine secured by mortgage, he was in equity and good conscience bound to keep down the taxes and prevent the property being sent to sale.

The same is true of the insurance premiums paid. Though he was not contractually bound to do so, yet the syndic doubtless obtained policies for the protection of the interest of Lallande's creditors, yet to whom the same would have inured in case of loss by fire. The plaintiff can not be held for the restitution of the sums paid.

Judgment affirmed.